1
2
3
4
5
6
7
8

9           UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11  Everett L. Thomas; Martha A.          CASE NO. 3:15-cv-02344-GPC-JMA
    Thomas,
12                                         **ORDER GRANTING DEFENDANT**
                              Plaintiffs,  **WELLS FARGO BANK, N.A.'s**
13      v.                                 **MOTION TO DISMISS**

14                                         [ECF No. 6]
    Wells Fargo Bank, N.A.; Wells Fargo
15  Bank Home Mortgage; Barrett Daffin
    Frappier & Weiss, LLP; and DOES 1
16  through 10, INCLUSIVE,

17                            Defendants.

18

19      Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells

20  Fargo") Motion to Dismiss. Def. Mot. Dismiss ("Def. Mot."), ECF No. 3. The motion

21  has been fully briefed. Pl. Resp., ECF No. 12; Def. Reply, ECF No. 13. Upon

22  consideration of the moving papers and the applicable law, and for the reasons set forth

23  below, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

24                  FACTUAL AND PROCEDURAL BACKGROUND

25      This case arises out of a $695,000 loan obtained by Plaintiffs on June 12,

26  2007 from Defendant's predecessor-in-interest, World Savings Bank, FSB

27  ("WSB"), which was secured by a deed of trust on Plaintiffs' home. ECF No. 1, Ex.

28  B. On July 7, 2009, Plaintiffs obtained a modification on this loan that reduced the

1   principal balance from $724,920.30 to $579,936.24. ECF No. 1, Ex. C. Plaintiffs

2   subsequently defaulted on their loan, and on November 12, 2014, the trustee under

3   the deed of trust, Defendant Barrett Daffin Frappier Treder & Weiss, LLP,

4   ("Barrett"), recorded a notice of default. ECF No. 1, Ex. D. Plaintiffs did not cure

5   their default, and on June 12, 2015, Barrett recorded a notice of trustee sale, which

6   scheduled a foreclosure sale for July 9, 2015. ECF No. 1, Ex. E.

7        Plaintiff Everett L. Thomas filed for Chapter 7 Bankruptcy on July 7, 2015.

8   ECF No. 1, Ex. F. This bankruptcy was dismissed without prejudice on July 28,

9   2015. *Id.* On July 30, 2015, Plaintiffs submitted a loan modification application to

10  Defendant. Plaintiffs allege that Defendant violated state law by (1) refusing to

11  provide a single point of contact ("SPOC") during the loan modification process

12  and (2) engaging in "dual tracking" by conducting a nonjudicial foreclosure sale of

13  Plaintiffs' home while Plaintiffs' loan modification application was pending.

14                          **PROCEDURAL BACKGROUND**

15       On September 1, 2015, Plaintiffs, residents of California, brought suit against

16  Defendant, a national banking association with its main office located in South

17  Dakota, in San Diego Superior Court. Notice of Removal 2–5, ECF No. 1. Plaintiffs

18  alleged violations of (1) Cal. Civ. Code § 2923.7 and (2) Cal. Civ. Code § 2923.6,

19  and (3) common law breach of contract. *Id.* at 6–9.

20       On October 16, 2015, Defendant removed the case to federal court on the

21  basis of diversity jurisdiction. Notice of Removal 2. On November 16, 2015,

22  Plaintiffs filed an ex parte motion for a temporary restraining order ("TRO") to

23  restrain Defendant from selling Plaintiffs' home through a nonjudicial foreclosure

24  sale, on the basis that such sale would be in violation of a September 9, 2015

25  temporary restraining order restraining the sale issued by the San Diego Superior

26  Court. TRO Mot. 2–3, ECF No. 6. Defendant conceded that Plaintiffs' home had

27  been sold on November 6, 2015, but argued that the sale was proper because the

28  TRO had expired no later than 14 days after the case was removed pursuant to Fed.

1  R. Civ. P. Rule 65(b)(2), and Plaintiff had not renewed it. TRO Opp. 3–5. At the

2  November 20, 2015 hearing on Plaintiffs' TRO motion, the Court denied the

3  motion, finding that the state court TRO was no longer in effect. ECF No. 11.

4       On October 22, 2015, Defendant filed this motion to dismiss. ECF No. 3. On

5  December 3, 2015, Plaintiffs responded. ECF No. 12. On December 10, 2015,

6  Defendant replied. ECF No. 13.

7  **LEGAL STANDARD**

8       A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable

9  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal

10  theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121–22 (9th

11  Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

12  1990)).

13       "To survive a motion to dismiss, a complaint must contain sufficient factual

14  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

16  550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

17  factual content that allows the court to draw the reasonable inference that the

18  defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Twombly*, 550 U.S.

19  at 556). "Threadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at

21  555 (noting that on a motion to dismiss the court is"not bound to accept as true a

22  legal conclusion couched as a factual allegation."). "The pleading standard . . . does

23  not require 'detailed factual allegations,' but it demands more than an unadorned,

24  the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations

25  omitted). "Review is limited to the complaint, materials incorporated into the

26  complaint by reference, and matters of which the court may take judicial notice."

27  *See Metlzer Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir.

28  2008).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–84; *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (noting that "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.") (internal quotation marks and citation omitted). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I.   Judicial Notice

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). Fed.  R. Evid. 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court may take notice of such facts on its own, and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Defendant seeks judicial notice of: (a) WSB's certificate of corporate existence as a federal savings bank, issued by the Office of Thrift Supervision,

Department of the Treasury ("OTS") on April 21, 2006; a November 19, 2007 letter from OTS authorizing a name change from World Savings Bank, FSB, to Wachovia Mortgage, FSB ("Wachovia"); Wachovia's charter, signed by the Director of OTS on December 31, 2007; a certification from the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia converted to Wells Fargo Bank Southwest, N.A., which then merged with Wells Fargo Bank, N.A.; and a printout from the website of the Federal Deposit Insurance Corporation, showing the history of WSB; (b) the deed of trust, recorded in the official records of the San Diego County Recorder's Office on June 19, 2007; (c) the previous loan modification agreement between Plaintiffs and Wachovia, dated July 7, 2009; (d) a notice of default issued by the trustee of the deed of trust, Defendant Barrett, dated November 7, 2014 and recorded in the official records of the San Diego County Recorder's Office on November 12, 2014; (e) a notice of trustee's sale issued by Defendant Barrett, dated June 11, 2015 and recorded in the official records of the San Diego County Recorder's Office on June 12, 2015; (f) the docket for the bankruptcy petition filed by Plaintiff Everett L. Thomas in the United States Bankruptcy Court for the Southern District of California on July 7, 2015; and (g) the loan modification application at issue in the present case. *See* Def. Request for Judicial Notice, ECF No. 3, Exs. A–G.

Neither party questions the authenticity of these documents. The Court finds that these items are appropriate for judicial notice because they are matters of public record, the parties do not dispute their authenticity, and they are central to Plaintiff's claims. *See, e.g.*, *Hite v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, at *6–9 (E.D. Cal. June 10, 2010) (judicial notice of same documents concerning the history of WSB above), *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, at *17–18 (N.D. Cal. Sept. 8, 2008) (judicial notice of information appearing on and printed from official government websites); *Gamboa v. Trustee Corps & Cent. Mortgage Loan Servicing Co.*, 2009 U.S. Dist. LEXIS 19613, at

*4–*10 (N.D. Cal. Mar. 12, 2009) (judicial notice of recorded documents related to the foreclosure sale, including grant deed and deed of trust). Therefore, the Court **GRANTS** Defendant's requests for judicial notice. However, the Court also takes judicial notice that the bankruptcy docket proffered by Defendant is incomplete, because it does not include the latest entry on September 16, 2015, which closed the case. *See* Bankruptcy Petition #15-04528-MM7, U.S. Bankruptcy Court for the Southern District of California, ECF No. 24.

## II. Motion to Dismiss

Defendant argues that the case should be dismissed because the claims are preempted by federal law. *See* Def. Mot. 3–7.[1] Plaintiffs respond that no court has held that federal law preempts the application of the California Homeowners Bill of Rights ("HBOR"). Pl. Resp. 11–13. Plaintiffs also argue that the Court lacks subject matter jurisdiction because the amount in controversy is not satisfied. *Id.* at 3.[2]

---

[1] Defendant also argues that Plaintiff Everett Thomas' pending bankruptcy negates Plaintiffs' claims. Def. Mot. 2–3 (citing *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 1001 (1998)). However, as Plaintiffs point out, this bankruptcy proceeding was closed on September 16, 2015, and hence can no longer be considered "active" or "pending." Defendant point to no authority supporting the proposition that a closed bankruptcy proceeding impacts the standing of a debtor.

[2] Plaintiffs also argue that (1) the motion to dismiss is barred by "collateral estoppel" and "res judicata" because the Court is bound by the state court's prior issuance of the TRO, and (2) the Defendant has "unclean hands" and has committed "fraud on the court." Pl. Resp. at 3–11. Neither of these arguments withstand scrutiny.

First, Plaintiffs argue that the state court's determination that Plaintiffs' case "present[ed] serious questions of law worthy of litigation" for the purposes of granting a TRO bars the Court from determining Defendant's motion to dismiss. Pl. Resp. 5–7. Plaintiffs cite no authority for the proposition that a state court's grant of a TRO has any relevance to a federal district court's determination of a motion to dismiss.

Second, Plaintiffs argue that Defendant has behaved unethically and that Plaintiffs are therefore entitled to equitable relief. Pl. Resp. 7–11. However, the Court finds Plaintiffs accusations to be largely meritless or unsupported. As established at the November 20, 2015 hearing, Defendant did not violate the state court TRO, which lapsed no later than 14 days following the removal of the case to federal court—it was the responsibility of Plaintiffs to file a new TRO before this Court before the state court TRO expired. Plaintiffs accuse Defendant of making false representations to them and colluding with an "entity consisting of former Wells Fargo employees" with whom they "enjoy a 'special' relationship" to whom they sold Plaintiffs' home, but provide no evidence of these assertions. Pl. Resp. 10. Defendant's statement as of the October 22, 2015 motion to dismiss that Plaintiff's home had not been foreclosed upon was not a misrepresentation, since at that time Plaintiff's home had not been sold. *Id.* And while Defendant erred in their description of Plaintiff's bankruptcy status, the failure to include a single docket entry is not sufficient grounds, standing alone, to support the charge that Defendant has engaged in misconduct with regards to the overall prosecution of the case.

Because the Court finds that the Court has subject matter jurisdiction and Plaintiffs' state law claims are preempted by the federal Home Owners' Loan Act, the Court **GRANTS** the motion to dismiss.[3]

### A. Subject Matter Jurisdiction

Plaintiffs argue that the Court lacks subject matter jurisdiction because the amount in controversy does not meet the $75,000 jurisdictional requirement. *Id.* at 3. Plaintiffs argue that they seek damages for two counts of violations of Cal. Civ. Code. § 2923, which caps damages at $25,000 per violation, and thus seeks no more than $50,000 in damages. *Id.* at 3–4. Defendants reply that although Plaintiffs only seek $50,000 in monetary damages, they also seek injunctive relief concerning the foreclosure of their home, in which Defendant has a secured interest arising from the $695,000 loan. Def. Reply 2.

It is well-established that where injunctive relief is sought, "the amount in controversy is measured by the object of the litigation." *Major v. Wells Fargo Bank, N.A.*, 2014 WL 4103936, at *1 (S.D. Cal. Aug. 18, 2014) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Moreover, "in actions arising out of the foreclosure of a plaintiff's home, the amount in controversy may be established by the value of the property or by the value of the loan." *Id.* (citing *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) ("The object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement."); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010)

---

[3]Since the Court so finds, the Court need not address Defendant's additional arguments that (1) the first claim regarding SPOC should be dismissed because Plaintiff's claim lacks particularity, the allegations show Defendant satisfied the requirements of § 2923.7 when assigning a "team" to serve as the SPOC, and any violation of § 2923.7 was not material; (2) the second claim regarding dual tracking should be dismissed because Defendant's alleged actions did not constitute dual tracking, § 2923.6 applies only to a first loan modification, not a subsequent loan modification, and Plaintiffs had not demonstrated a material change in financial circumstances; and (3) the third claim regarding breach of contract should be dismissed because Plaintiffs may not base an implied covenant of good faith claim on statutory duties imposed on the Defendant, nor a contract duty that exceeds what is in the parties' contract. *See* Def. Mot. 7–12.

1  ("Numerous courts have held that, where a complaint seeks to invalidate a loan

2  secured by a deed of trust, the amount in controversy is the loan amount.")).

3      In this case, the deed of trust indicates that Plaintiffs initially borrowed

4  $695,000 against their home, far exceeding the $75,000 threshold for diversity

5  jurisdiction. ECF No. 1, Ex. B. Following the loan modification, the balance of the

6  loan was adjusted downwards, but only to $579, 936.24. ECF No. 1, Ex. C.

7  Plaintiffs do not allege that the value of the home has dropped below $75,000. Thus,

8  Defendant has established by a preponderance of the evidence that the amount in

9  controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

10  398, 404 (9th Cir. 1996) (holding "that in cases where a plaintiff's state court

11  complaint does not specify a particular amount of damages, the removing defendant

12  bears the burden of establishing, by a preponderance of the evidence, that the

13  amount in controversy exceeds" the statutory requirement).

14      **B.    Federal Preemption**

15      Defendants argue that Plaintiffs' state-law claims are preempted by the

16  federal Home Owners' Loan Act ("HOLA"). Def. Mot. 3–7. Federal savings

17  associations, including federal savings banks, are subject to HOLA and are

18  regulated by the Treasury Department's Office of Thrift Supervision ("OTS").

19  *Osorio v. Wachovia Mortgage, FSB*, 2012 WL 1610110, at *3 (S.D. Cal. May 8,

20  2012) (citing 12 U.S.C. § 1464; *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001,

21  1005 (9th Cir. 2008)).

22      Under HOLA, the OTS enjoys "plenary and exclusive authority . . . to

23  regulate all aspects of the operations of Federal savings associations" and its

24  authority "occupies the entire field of lending regulation for federal savings

25  associations." 12 C.F.R. §§ 545.2, 560.2(a). The Ninth Circuit has stated that the

26  enabling statute and subsequent agency regulations are "so pervasive as to leave no

27  room for state regulatory control." *Conference of Fed. Sav. & Loan Ass'ns v. Stein*,

28  604 F.2d 1256, 1260 (9th Cir.1979), *aff'd*, 445 U.S. 921 (1980). OTS Regulation

560.2(b) expressly preempts state regulation of federal thrift activities dealing with, *inter alia*, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R. § 560.2(b). Federal courts have held that claims for violations of Cal. Civ. Code. §§ 2923.6 and 2923.7, the provisions of the California Homeowner Bill of Rights ("HBOR") at issue here, are preempted by HOLA. *See Sato v. Wachovia Mortg., FSB*, 2011 U .S. Dist. LEXIS 75418, at *19–20, 2011 WL 2784567 (N.D.Cal. Jul. 13, 2011) (finding claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA); *see also Campos v. Wells Fargo Bank, N.A.*, No. CV151200JVSDTBX, 2015 WL 5145520, at *7 (C.D. Cal. Aug. 31, 2015) (citing *Meyer v. Wells Fargo Bank, N.A.*, No. C 13-03727 WHA, 2013 WL 6407516, at *4 (N.D. Cal. Dec. 6, 2013); *Marquez v. Wells Fargo Bank, N.A.*, No. C 13-2819 PJH, 2013 WL 5141689, at *5 (C.D. Cal. Sept. 13, 2013)).

Plaintiff's loan originated with WSB, a federal savings bank that was subsequently acquired by Defendant Wells Fargo, a national banking association. A majority of district courts to address the issue have found that "HOLA preemption continues to apply to conduct related to loans originated by a federally-chartered savings association even after those banks are merged into national banking associations." *See, e.g.*, *Campos*, 2015 WL 5145520, at *5 (citation omitted); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 995 (N.D. Cal. 2014) (acknowledging that holding otherwise constitutes the "minority view"). Therefore, the Court concludes that Plaintiffs' claims for violation of California Civil Code §§ 2923.6, and 2923.7 are preempted by HOLA. Moreover, Plaintiffs' state law breach of contract claim is based on the SPOC and dual tracking allegations, rather than any conduct of the Defendant unrelated to these contested provisions of HBOR. *See* Compl. 9. Thus, Plaintiffs' state law claims are **DISMISSED WITH PREJUDICE**.

## C.    Leave to Amend

Fed. R. Civ. P. 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.*

Plaintiffs seek leave to amend in order to add a RICO claim to their suit, as well as an additional cause of action in connection with Defendant's "violation" of the state court's TRO. The Court will grant Plaintiffs leave to amend in order to cure the deficiencies identified in the complaint. The Court cautions Plaintiffs, however, that the Court has already found that Defendant could not have "violat[ed]" a state court TRO that was no longer in effect at the time of the foreclosure sale, and that the Court has rejected the Plaintiffs' current accusations of Defendant malfeasance above.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.    Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss for Failure to State a Claim, ECF No. 3, is **GRANTED** without prejudice. Plaintiffs' state law causes of action are **DISMISSED WITH PREJUDICE**.

2.    **Within thirty (30) days** of the issuance of this Order, Plaintiff must file either a second amended complaint or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Fed. R. Civ. P. 41(b). Defendant must file any response **within fourteen (14) days** after service of the amended pleading.

**IT IS SO ORDERED.**

DATED:  January 14, 2016

HON. GONZALO P. CURIEL
United States District Judge