UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Everett L. Thomas; Martha A. Thomas, | Case No.: 3:15-cv-02344-GPC-JMA |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S REQUEST FOR JUDGMENT ON THE PLEADINGS** |
| Wells Fargo Bank, N. A.; Wells Fargo Bank Home Mortgage; Barrett Daffin Frappier & Weiss, LLP; Soutland Mortgage II, LLC; and DOES 1 through 10, INCLUSIVE, | [Dkt. No. 34] |
| Defendants. | |

Before the Court is Defendant Southland Home Mortgage II, LLC's ("Southland") motion for judgment on the pleadings. Dkt. No. 34. Plaintiffs filed a tardy response[1] on December 2, 2016. Dkt. No. 39.

---

[1] The Court-ordered briefing schedule stated that Plaintiffs' response to Defendant Southland's motion was due by November 18, 2016. Dkt. No. 35. Plaintiffs give no reason for they delay.

1

## **BACKGROUND**

The facts underlying this case have been reviewed in depth in previous orders.  *See* Dkt. Nos. 15 & 23.  An overview of the salient facts are reproduced here.

This case arises out of a $695,000 home loan obtained by Plaintiffs in June 2007 from World Savings Bank, FSB ("WSB"), the predecessor-in-interest of Defendant Wells Fargo Bank N.A. ("Wells Fargo").  Pls.' Verified Second Amended Compl. ("SAC") ¶ 18.  In 2009, Plaintiffs obtained a modification on the loan, reducing the principal balance from $724,920.30 to $579,936.25.  *Id.* at ¶ 19.  In October 2013, Plaintiffs contacted Defendant Wells Fargo in order to secure a new loan modification.  *Id.* at ¶ 28. In response, Defendant Wells Fargo indicated that they should stop paying their mortgage in order to be eligible for a loan modification.  *Id.* at ¶ 29.  Months later, on or around January 14, 2014, Plaintiffs provided Defendant Wells Fargo with a complete loan modification request.  *Id.* at ¶ 31.  A notice of default was entered against Plaintiffs in June 2015.  *Id.* at ¶ 32.  Plaintiffs provided Defendant Wells Fargo with a renewed loan modification package on September 9, 2015, and Defendant later acknowledged receipt of the application.  *Id.* at ¶¶ 42.  This lawsuit followed.

In their SAC, Plaintiffs allege that Defendant Wells Fargo violated 12 C.F.R. §§ 1024.41(b) & (c) by failing to respond to the September 9, 2015 loan modification application.  *Id.* at ¶ 43. Plaintiff also alleges that Defendant Wells Fargo, along with Defendant Southland colluded with one another in order to sell Plaintiffs' home to Southland, thereby "wiping out $150,000 in equity which served to unjustly enrich Defendant Southland, and served as an inequitable forfeiture of Plaintiff's (sic) equitable interest in the property."  *Id.* at ¶ 45 (emphases omitted).  Such collusion, Plaintiffs allege, amounted to a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (RICO).  *Id.* at ¶ 67.

Defendant Wells Fargo filed a motion to dismiss all three causes of action in Plaintiffs' SAC on February 24, 2016.  Dkt. No. 18-1 at 2.  On March 11, 2016, Defendant Southland moved the Court to join in the motions filed by its co-defendant,

Dkt. No. 20 at 2, and the Court subsequently granted the motion, Dkt. No. 24.  On April 28, 2016, the Court denied Defendant Wells Fargo's motion to dismiss Plaintiffs' 12 C.F.R. §§ 1024.41(b) and (c) claims, but granted the motion as to Plaintiffs' RICO claim.  *Id.* at 10, 12.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing — a motion for judgment on the pleadings is typically brought after an answer has been filed whereas a motion to dismiss is typically brought before an answer has been filed.  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.  *Id.*; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6), because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotations and citation omitted).  Thus, when deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)).  In other words, the court construes all material allegations in the light most favorable to the non-moving party.  *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

## DISCUSSION

Defendant Southland argues that Plaintiffs do not state a cause of action against Southland under 12 C.F.R. § 1024.41(b) or § 1024.41(c).  Dkt. No. 34-1 at 2.  The only

3

allegations made against Southland, Defendant notes, are those pertaining to Plaintiffs' alleged RICO violations, which have already been dismissed by the Court. *Id.* Accordingly, Defendant Southland argues that it is entitled to judgment on the pleadings as to Plaintiffs' remaining claims. *Id.*

### 1. 12 C.F.R. §§ 1024.41(b) & (c)

12 C.F.R. § 1024.41, also known as "Regulation X," became effective on January 10, 2014 and specifies loss mitigation procedures that a borrower may enforce against a loan servicer pursuant to section 6(f) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f).

The Court agrees with Defendant that Plaintiffs have failed to state a cause of action under 12 C.F.R. §§ 1024.41(b) or (c) against Southland.  All but one of the factual allegations asserted against Southland pertain to the alleged "concerted enterprise" between the co-defendants to foreclose on Plaintiffs' property.  *See* SAC ¶ 45, ("the Defendant undertook to dual track the foreclosure of the Plaintiff's family home, and on November 6, 2016, colluding with Defendant Southland Mortgage . . . sold the Plaintiff's family home to Southland . . . which served to unjustly enrich Southland") (emphases omitted); ¶ 47 ("Defendant's collusion as between Wells Fargo Bank and Southland Mortgage amounts to an enterprise as defined under RICO statutes . . ."; *see also* ¶¶ 68-78 (referencing Southland in factual allegations under "Count Three: Violation of 18 U.S.C. § 1961 et seq") (emphases omitted).  Because Plaintiffs' factual allegations against Southland focus exclusively on Plaintiffs' RICO claim, Plaintiffs SAC is insufficient to state a claim against Southland under 12 C.F.R. §§ 1024.41(b) or (c).[2]

---

[2] The only allegation attributed to Southland that did not pertain to Plaintiffs' RICO cause of action was as follows: "Defendant Southland thereafter filed an unlawful detainer against Plaintiffs seeking their removal from the subject property." *Id.* at ¶ 46.  Plaintiffs do not, however, explain the relevance of the "unlawful detainer" to any of their causes of action, nor bring a cause of action based upon that allegedly unlawful conduct.  Accordingly, this fact also fails to state any claim against Southland.

4

Plaintiffs, for example, do not allege that Defendant Southland is a loan servicer or that Southland and Plaintiffs entered into an loan agreement.  Put simply, there are no facts implicating Defendant Southland under Regulation X.

Plaintiffs' opposition brief does not meaningfully respond to Defendant Southland's arguments.  Plaintiffs state that Defendant's motion is "fatally flawed because it is predicated upon the false narrative that" Southland is a "bona fide purchaser without notice."  Dkt. No. 39 at 1 (internal quotations and capitalization omitted).  This line of argument, however, misses the mark entirely.  For one, Southland never alleged, either in its answer or in the instant motion, that it enjoyed the protections of a bona fide purchaser.  *See* Def.'s Answer, Dkt. No. 30; Dkt. No. 34-1.  Moreover, Plaintiffs' argument does nothing to refute or undermine Southland's argument that the complaint does not contain any factual allegations accusing Southland of violating 12 C.F.R. §§ 1024.41(b) or (c).  Such an omission is fatal to Plaintiffs' claims and Plaintiffs offers no persuasive argument to the contrary.

Because the complaint raises no issue of fact as to Southland's liability under Regulation X, granting judgment on the pleadings is proper.  *See Hal Roach Studios*, 896 F.2d at 1550 ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." ); *see also Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory.").

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant Southland's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated:  December 6, 2016

Hon. Gonzalo P. Curiel
United States District Judge