UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Everett L. Thomas and Martha A. Thomas,<br><br>                              Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage; Barrett Daffin Frappier & Weiss, LLP ,<br><br>                              Defendants. | Case No.:  15CV2344-GPC(JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES [DOC. NO. 41]** |

On January 3, 2017, Defendant Wells Fargo Bank, N.A., filed a discovery motion, requesting the Court compel Plaintiffs Everett L. Thomas and Martha A. Thomas respond to Defendant's discovery requests. [Doc. No. 41.] Although captioned as a Joint Motion for Determination of Discovery Dispute, the motion was actually filed unilaterally by Defendant because counsel for Plaintiffs, Joseph La Costa, Esq., did not respond to Defendant's efforts to obtain Plaintiffs' portion of the discovery motion, as required by the undersigned's Chambers Rules. [*Id.*, *Decl. of David Newman*, ¶ 3.]

The discovery requests at issue are Defendant's first sets of Interrogatories, Requests for Admission, and Requests for Production of

Documents, which were served on October 24, 2016. [*Id.*, ¶ 2.] When Plaintiffs failed to provide any responses or objections by the deadline to do so, counsel for Defendant, David Newman, Esq., undertook efforts to discuss the matter with Mr. La Costa, both by telephone and email. [*Id.*] During a telephone call between counsel that occurred on December 12, 2016, Mr. La Costa represented to Mr. Newman he would provide responses without objections by December 16, 2016. [*Id.*]

When the responses were still not received, Mr. Newman attempted to correspond further with Mr. La Costa. [Id., ¶ 3.] In an email sent December 21, 2016, Mr. Newman informed Mr. La Costa that Defendant would seek judicial intervention, provided him with Defendant's portion of the discovery motion, and requested he provide Plaintiffs' portion of the joint motion by December 31, 2016. [Id.] Mr. La Costa did not respond. [Id.] On January 3, 2017, having still not received any discovery responses, Plaintiffs' portion of the discovery motion, or any other response from Mr. La Costa, Defendant filed the discovery motion unilaterally. Since the discovery motion was filed, the Court's staff has contacted Mr. La Costa several times by telephone. During these discussions Mr. La Costa did not provide any substantial justification for his clients' failure to timely provide the discovery responses, or indicate his clients oppose the discovery motion.

Based on the foregoing, the Court finds good cause to GRANT Defendant's motion to compel. Plaintiffs shall provide full and complete responses, without objections, to Defendant's first sets of Interrogatories, Requests for Admission, and Requests for Production of Documents, and shall produce all responsive documents, by no later than **February 3, 2017**.

When a motion to compel discovery is granted, or discovery is provided after its filing, the Court must, after affording an opportunity to be heard, require the party or attorney whose conduct necessitated the motion, or both, pay the movant's reasonable expenses incurred in making the motion unless the failure

to provide discovery was substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Defendant has requested the Court impose a sanction of $1,100 for four hours of attorney time incurred while meeting and conferring (1 hour); drafting the motion and coordinating the filing (2 hours); and attending any hearing (1 hour). [Id., ¶ 4.] As outlined above, Mr. La Costa and his clients have had ample opportunity to respond to Defendant's motion to compel. A copy of Defendant's portion of what should have been a joint discovery motion was first provided to Mr. La Costa on December 21, 2016. At that time, Plaintiffs could, and should, have contributed to the discovery motion by providing their responsive arguments, as required by the undersigned's Chambers Rules. Instead of availing themselves of their opportunity to be heard, Plaintiffs' counsel failed to respond at all and the discovery motion was eventually filed unilaterally.

   The discovery motion has now been pending for over three weeks, since January 3, 2017, allowing Plaintiffs another window of opportunity to make their position known to the Court. During this time the Court's staff has participated in multiple telephone conversations about Defendant's motion to compel with Mr. La Costa and, on one occasion, with Mr. La Costa and Mr. Newman. Despite having ample time and opportunity to do so, Plaintiffs, however, still have not taken any steps to oppose the motion to compel and request for sanctions or provide substantial justification for not providing timely discovery responses or responsive documents. The Court, therefore, ORDERS Mr. La Costa and Plaintiffs Everett L. Thomas and Martha A. Thomas compensate Defendant the sum of $550.00 for the two hours of attorney time incurred by Mr. Newman in

/ /
/ /
/ /

preparing Defendant's discovery motion.[1] The sanction shall be remitted to Defendant no later than **February 10, 2017**.

    **IT IS SO ORDERED.**

Dated:  January 25, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge

---

[1] The sanction amount is limited to time Mr. Newman spent preparing the motion. A hearing was not held so the requested sanction award is reduced by the hour Mr. Newman estimated he would have spent in attendance. The hour of time Mr. Newman spent meeting and conferring with Mr. La Costa regarding the discovery requests is also not included in the sanction award.